UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 23 2016
David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | **16 CR 0368** |
| vs. § | CR. NO. |
| 1. GARY McCOWIN § | |
| 2. BYRON ADAMS § | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

**Conspiracy to Possess with the Intent to Distribute a Controlled Substance**

From early 2016, through April 2016, in the Southern District of Texas, and elsewhere,

**Gary McCowin and Byron Adams,**

defendants herein, did unlawfully, knowingly, and intentionally, combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance. This violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and less than

50 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(D).

## COUNT TWO

### Possession with Intent to Distribute

On or about March 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**BYRON ADAMS,**

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a mixture or substance containing 50 grams or more of a detectable amount of methamphetamine, it salts, isomers, or salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## NOTICE OF CRIMINAL FORFEITURE
**[Title 21, United States Code, Section 853]**

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendants,

**Gary McCowin and Byron Adams,**

that upon conviction of the conspiracy as charged in Count One in this Indictment, the following is subject to forfeit:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

(2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

## Property Subject to Forfeiture

The property subject to forfeiture includes, but is not limited to, the following property:

(1) $50, 460.00 seized from the trunk of Byron Adams' Camry on April 28, 2016.

(2) $1, 102.00 seized from Gary McCowin at the time of his arrest.

## Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable. The amount of the money judgment for Count One is estimated to be, but is not limited to, at least $200,000.00 for which the defendants may be jointly and severally liable.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant:

a. cannot be located upon exercise of due diligence;
b. has been placed beyond the jurisdiction of the Court;
c. has been transferred or sold to, or deposited with, a third party;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

the United States will seek to forfeit any other property of the defendants up to the value of such property pursuant to Title 21, United States Code, Section 853(p).

**A TRUE BILL**

ORIGINAL SIGNATURE ON FILE

**FOREPERSON OF THE GRAND JURY**

**KENNETH MAGIDSON**
**UNITED STATES ATTORNEY**
**SOUTHERN DISTRICT OF TEXAS**

By:

JOHN JOCHER
Assistant United States Attorney
Southern District of Texas